UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KELVIN K. BLACKMAN, #1032657 | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-01055-KJD-PAL |
| vs. | ) ) | **ORDER** |
| CATHY HARDCASTLE, *et al.*, | ) ) | |
| Defendants. | ) / | |

      Plaintiff submitted a *pro se* civil rights complaint, but failed to submit an application to proceed *in forma pauperis* on the required form. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2. On August 4, 2010, the court granted plaintiff thirty (30) days in which to submit a completed and signed application to proceed *in forma pauperis* on the form provided by this court (docket #2). The court further advised plaintiff that, in its preliminary review, plaintiff's complaint did not appear to state any claims for which relief may be granted (*id.*). Accordingly, the court advised plaintiff that if he elected to file an amended complaint prior to this court's screening, a complaint pursuant to 42 U.S.C. § 1983 should set forth a concise statement of facts that demonstrate a violation of plaintiff's civil rights (*id.*).

      On August 30, 2010, plaintiff filed an application to proceed *in forma pauperis* (docket

#4) as well as an amended complaint (docket #3). Plaintiff's application to proceed *in forma pauperis* is granted (docket #4). Based on the information regarding plaintiff's financial status in the application to proceed *in forma pauperis*, plaintiff is required to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915.

The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must *prepay* -- plaintiff will be required to prepay an initial installment of $38.95, if plaintiff's institutional account has a sufficient balance, instead of having to prepay the full $350 filing fee for this action. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. Further, the entire $350 filing fee will remain due and payable, and will be collected from plaintiff's institutional account, regardless of the outcome of this action.

The court now reviews the amended complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under

1  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,
2  232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the
3  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief
4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965
5  (2007). "The pleading must contain something more...than...a statement of facts that merely creates a
6  suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the
7  court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital
8  Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and
9  resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

10  Allegations in a *pro se* complaint are held to less stringent standards than formal
11 pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
12 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
13 Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
14 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
15 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
16 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
17 allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever
18 v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the
19 plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies,
20 unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.
21 *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

22  To sustain an action under section 1983, a plaintiff must show (1) that the conduct
23 complained of was committed by a person acting under color of state law; and (2) that the conduct
24 deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689
25 (9th Cir. 2006).

26

**II. Instant Complaint**

Plaintiff, who is incarcerated at Southern Desert Correctional Center, has sued the Nevada Supreme Court as well as one justice individually, a state court judge, the state Clerk of the Court in Las Vegas, and his public defender or court-appointed attorney. Plaintiff's main claim appears to be ineffective assistance of counsel by his attorney; plaintiff asserts that his attorney pursued a fast track appeal of plaintiff's criminal conviction without plaintiff's knowledge or consent. As to the remaining defendants, plaintiff alleges that they disregarded his attempts to "fire counsel." For the reasons discussed below, plaintiff's complaint is dismissed.

First, all defendants except for plaintiff's attorney are immune from suit based on the principles of either absolute or qualified immunity. With respect to judges: "[c]ourts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Will*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *see also Miller v. Davis*, 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (*per curiam*); *Ashelman*, 793 F.2d at 1075.

With respect to the Clerk of Courts, government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, the Supreme Court provided guidance on the application of qualified immunity, explaining that officials are entitled to qualified immunity unless (1) plaintiff alleges facts that show a constitutional

violation and (2) it was clearly established at the time of the alleged violation that the conduct was unconstitutional. 533 U.S. 194, 201 (2001). The Supreme Court stressed that the first part of the analysis is the threshold question that courts should address before proceeding to the second part. *Id.* at 207.

Finally, with respect to plaintiff's attorney, when public defenders or court-appointed attorneys are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County*, 454 U.S. at 321.

Plaintiff claims ineffective assistance of counsel, that the state district court and Supreme Court barred his attempts to "fire" counsel and that the state Clerk of Courts denied plaintiff's access to the courts by relying on state statute, rather than "clearly articulated federal precedents." The judges named as defendants have absolute immunity from this suit, and the Clerk of Courts is entitled to qualified immunity from suit based on plaintiff's allegations. Finally, plaintiff's counsel may not be sued under § 1983. Accordingly, all defendants in this action are dismissed.

Moreover, plaintiff's central claim is that of ineffective assistance of counsel; however, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Further, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that

relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff's claim that his attorney failed to act at his direction in pursuing a fast track appeal is an ineffective assistance of counsel claim, which implicates the legality or duration of his custody. His sole federal remedy for such claim is a writ of *habeas corpus*. Accordingly, his claims are also subject to dismissal on that basis.

Plaintiff has already submitted this first amended complaint, although the court cannot discern any substantive difference between the original complaint and the amended complaint. In any event, as discussed above, further amendment would be futile. Accordingly, the entire amended complaint is dismissed without leave to amend.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #4) is **GRANTED.** Plaintiff Kelvin K. Blackman, **Inmate No. 1032657**, will be permitted to maintain this action to conclusion without prepayment of the full filing fee. However, plaintiff must pay an initial installment of the filing fee in the amount of **$38.95.** Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of entry of this order to have the initial installment of the filing fee, in the amount stated above, sent to the Clerk in the manner described below.

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** plaintiff two copies of this Order. Plaintiff must make the necessary arrangements to have one copy of this Order, attached to a check in the amount of the initial installment of the filing fee, sent to the Court, by sending a copy of the Order with a "brass slip" to Inmate Services for issuance of the check.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the

account of Kelvin K. Blackman, **Inmate No. 1032657** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the letter (docket #5) filed by a nonparty shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: September 9, 2010

_____
UNITED STATES DISTRICT JUDGE